UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAHMEEK McDONALD,** <br><br> Plaintiff, <br><br> -against- <br><br> **THE CITY OF TROY and JARROD ILER,** <br><br> Defendants. | **ANSWER** <br> Civil Action No.: 1:18-CV-1327 (DNH/CFH) |

The Defendants herein, as and for their Answer to the Complaint of the Plaintiff:

### INTRODUCTION

1.  Respond to the allegations set forth in the paragraph of the Complaint marked and numbered "1" as follows:  Admit that, on August 15, 2017, on-duty Troy Police Officer Jarrod Iler ("Iler") fired multiple shots (believed to be four) from his department issued firearm.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Iler fired the shots directly at plaintiff as some of the shots did not hit plaintiff, but admit that Iler was attempting to shoot and thereby disable the driver of the motor vehicle that was accelerating toward him.  Deny that Iler fired the shots without any legal justification, privilege, or lawful basis as Iler was privileged to defend himself and his partner from the use of deadly physical force – namely, the accelerating motor vehicle driven by plaintiff - and had no duty to retreat while attempting to make a lawful stop and arrest of plaintiff.  Admit that it was fortunate that plaintiff (and Iler and his partner) survived this violent encounter. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that plaintiff suffered serious injuries and trauma.

2.  Respond to the allegations set forth in the paragraph of the Complaint marked and numbered "2" as follows: Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what plaintiff seeks to attain by this lawsuit, and further deny that any of plaintiff's rights were violated, that he suffered any compensable harm, and that any of defendants' actions were egregious or unlawful.

1

3. Respond to the allegations set forth in the paragraph of the Complaint marked and numbered "3" as follows: Deny the factual allegations set forth in the paragraph of the Complaint marked and numbered "3", except to admit that Iler used deadly physical force to disable the driver of the motor vehicle that was accelerating toward him. To the extent that paragraph "3" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

4. Deny the allegations contained in the paragraph of the Complaint marked and numbered "4".

## JURISDICTION and VENUE

5. Admit that plaintiff purports to bring this lawsuit under the laws set forth in the paragraph of the Complaint marked and numbered "5", but deny that international human rights law, the New York State Constitution, and the common law of the State of New York are a sufficient predicate on which to invoke the Court's jurisdiction, and respectfully refer to the Court the question of the lawful bases of its jurisdiction of the matters alleged in the Complaint.

6. Admit that plaintiff purports to bring this lawsuit under the laws set forth in the paragraph of the Complaint marked and numbered "6", but deny that the Constitution and laws of the State of New York are a sufficient predicate on which to invoke the Court's jurisdiction, and respectfully refer to the Court the question of the lawful bases of its jurisdiction of the matters alleged in the Complaint.

7. Admit that plaintiff asserts that the Court has subject matter jurisdiction based on the laws set forth in the paragraph of the Complaint marked and numbered "7", but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the Court's subject matter jurisdiction, and respectfully refer to the Court the question of the lawful bases of its jurisdiction of the matters alleged in the Complaint.

8. Admit the allegations contained in the paragraph of the Complaint marked and numbered "8".

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "9".

10. Deny the allegations contained in the paragraph of the Complaint marked and numbered "10".

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "11".

## PARTIES

12. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "12".

13. Admit the allegations contained in the paragraph of the Complaint marked and numbered "13".

14. Admit the allegations contained in the paragraph of the Complaint marked and numbered "14".

## FACTS

A. Background.

15. Admit the allegations contained in the paragraph of the Complaint marked and numbered "15".

16. Admit the allegations contained in the paragraph of the Complaint marked and numbered "16", except to deny any and all implication that the vehicle remained parked and stationary and that plaintiff was not operating the vehicle.

17. Admit the allegations contained in the paragraph of the Complaint marked and numbered "17", except to deny any and all implication that plaintiff was lawfully on supervised parole release at that time as he had absconded from parole supervision several months earlier.

3

18. Admit the allegations contained in the paragraph of the Complaint marked and numbered "18".

19. Admit the allegations contained in the paragraph of the Complaint marked and numbered "19".

B. Events of August 15, 2017.

20. Admit the allegations contained in the paragraph of the Complaint marked and numbered "20".

21. Admit the allegations contained in the paragraph of the Complaint marked and numbered "21".

22. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "22".

23. Admit the allegations contained in the paragraph of the Complaint marked and numbered "23".

24. Admit the allegations contained in the paragraph of the Complaint marked and numbered "24".

25. Admit the allegations contained in the paragraph of the Complaint marked and numbered "25", except to deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning whether and to what extent the 2010 Honda CRV operated by plaintiff was at the curb, and to deny any and all implication that the vehicle remained parked and stationary and that plaintiff was not operating the vehicle.

26. Admit the allegations contained in the paragraph of the Complaint marked and numbered "26".

27. Admit the allegations contained in the paragraph of the Complaint marked and numbered "27".

28. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "28".

29. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "29".

30. Deny the allegations contained in the first sentence of the paragraph of the Complaint marked and numbered "30", but admit the allegations contained in the second sentence of the paragraph of the Complaint marked and numbered "30".

31. Deny the allegations contained in the paragraph of the Complaint marked and numbered "31", except to admit that Iler got out of his police vehicle and was facing the front of the Honda CRV.

32. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "32", except to admit that Iler deployed his Troy Police Department issued firearm after stepping out of his police vehicle.

33. Admit the allegations contained in the paragraph of the Complaint marked and numbered "33", except to deny any and all implication that the Honda CRV remained parked and stationary and that plaintiff was not operating the vehicle.

34. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "34".

35. Deny the allegations contained in the paragraph of the Complaint marked and numbered "35", except to admit that plaintiff moved the Honda CRV backwards several feet and that Iler deployed his Troy Police Department issued firearm after stepping out of his police vehicle.

36. Deny the allegations contained in the paragraph of the Complaint marked and numbered "36", except to admit that plaintiff moved the Honda CRV backwards several feet.

37. Deny the allegations contained in the paragraph of the Complaint marked and numbered "37", except to admit that plaintiff put the Honda CRV in drive.

38. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "38" concerning plaintiff's intentions, and deny the other allegations contained in the paragraph of the Complaint marked and numbered "38", except to admit that plaintiff drove the Honda CRV forward.

39. Deny the allegations contained in the paragraph of the Complaint marked and numbered "39".

40. Deny the allegations contained in the paragraph of the Complaint marked and numbered "40".

41. Deny the allegations contained in the paragraph of the Complaint marked and numbered "41".

42. Deny the allegations contained in the paragraph of the Complaint marked and numbered "42", and affirmatively state that plaintiff did drive the Honda CRV toward Iler and at least one other person, Troy Police Officer Martin Furciniti.

43. Deny the allegations contained in the paragraph of the Complaint marked and numbered "43", and affirmatively state that plaintiff did drive the Honda CRV toward Iler and at least one other person, Troy Police Officer Martin Furciniti, and that Iler was privileged to defend himself and his partner from the use of deadly physical force and had no duty to retreat while attempting to make a lawful stop and arrest of plaintiff.

44. Deny the allegations contained in the paragraph of the Complaint marked and numbered "44", except to admit that plaintiff did drive the Honda CRV toward Iler and at least one other person, Troy Police Officer Martin Furciniti, and that Iler was privileged to defend himself and his partner from the use of deadly physical force – namely, the accelerating motor vehicle driven by plaintiff - and that Iler intentionally fired approximately four rounds attempting to

shoot and thereby disable the driver of the motor vehicle that was accelerating toward him, and that Iler had no duty to retreat while attempting to make a lawful stop and arrest of plaintiff.

45. Deny the allegations contained in the paragraph of the Complaint marked and numbered "45", except to admit that plaintiff was not armed with a firearm.

46. Deny the allegations contained in the paragraph of the Complaint marked and numbered "46".

47. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "47", and to the extent that paragraph "47" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

48. Admit the allegations contained in the paragraph of the Complaint marked and numbered "48", except to deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Iler fired the shots directly at plaintiff as some of the shots did not hit plaintiff. Defendants do not deny that Iler was attempting to shoot and thereby disable the driver of the motor vehicle that was accelerating toward him.

49. Admit the allegations contained in the paragraph of the Complaint marked and numbered "49".

50. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "50".

51. Deny the allegations contained in the paragraph of the Complaint marked and numbered "51".

52. Admit the allegations contained in the paragraph of the Complaint marked and numbered "52".

53. Admit the allegations contained in the paragraph of the Complaint marked and numbered "53".

54. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "54".

55. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "55".

56. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "56".

57. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "57".

58. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "58".

59. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "59".

60. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "60".

61. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "61".

62. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "62".

63. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "63", except to admit that plaintiff eventually was handcuffed.

C. Lawfulness of Officer Iler's actions.

64. Deny that any of Officer Iler's actions were unlawful, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in the paragraph of the Complaint marked and numbered "64", and to the extent that paragraph "64" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

65. Deny that any of Officer Iler's actions were unlawful, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in the paragraph of the Complaint marked and numbered "65", and to the extent that paragraph "65" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

66. Deny that any of Officer Iler's actions were unlawful, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in the paragraph of the Complaint marked and numbered "66", and to the extent that paragraph "66" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

67. Deny that any of Officer Iler's actions were unlawful, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in the paragraph of the Complaint marked and numbered "67", and to the extent that paragraph "67" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

68. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "68", and to the extent that paragraph "68" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

69. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "69", and to the extent that paragraph "69" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

70. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "70" and its twelve subparts "A" – "L", and to the extent that paragraph "70" of the Complaint and its twelve subparts "A" – "L" state legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

71. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "71", and to the extent that paragraph "71" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

72. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "72", and to the extent that paragraph "72" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

73. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "73", and to the extent that paragraph "73" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

74. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "74", and to the extent that paragraph "74" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

75. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "75", and to the extent that paragraph "75" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

76. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "76", and to the extent that paragraph "76" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

77. Deny that any of Officer Iler's actions were unlawful, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "77", and to the extent that paragraph "77" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

D. Iler's actions and plaintiff's clearly established constitutional rights.

78. Deny that any of Officer Iler's actions were unlawful or violated any of plaintiff's clearly established constitutional rights, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "78", and to the extent that paragraph "78" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

79. Deny that any of Officer Iler's actions were unlawful or violated any of plaintiff's clearly established constitutional rights, and deny the factual allegations contained in the paragraph of the Complaint marked and numbered "79", and to the extent that paragraph "79" of the Complaint states legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

E.  Plaintiff's injuries.

80. Admit that plaintiff suffered physical injuries as a result of being shot by Officer Iler, but otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "80".

81. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "81".

82. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "82".

F.  Liability of the City of Troy.
      1.  Alleged negligence.

83. Deny the allegations contained in the paragraph of the Complaint marked and numbered "83".

84. Deny the allegations contained in the paragraph of the Complaint marked and numbered "84".

85. Deny the allegations contained in the paragraph of the Complaint marked and numbered "85".

      2.  *Monell* liability - training and supervision

86. Deny the allegations contained in the paragraph of the Complaint marked and numbered "86".

87. Deny the allegations contained in the paragraph of the Complaint marked and numbered "87".

88. Deny the allegations contained in the paragraph of the Complaint marked and numbered "88".

      3. *Monell* liability - prior incidents

89. Deny the allegations contained in the paragraph of the Complaint marked and numbered "89".

90. Deny the allegations contained in the paragraph of the Complaint marked and numbered "90".

91. Deny the allegations contained in the paragraph of the Complaint marked and numbered "91".

92. Deny the allegations contained in the paragraph of the Complaint marked and numbered "92".

93. Deny the allegations contained in the paragraph of the Complaint marked and numbered "93".

94. Deny the allegations contained in the paragraph of the Complaint marked and numbered "94".

95. Deny the allegations contained in the paragraph of the Complaint marked and numbered "95".

96. Deny the allegations contained in the paragraph of the Complaint marked and numbered "96".

97. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "97".

98. Deny the allegations contained in the paragraph of the Complaint marked and numbered "98".

99. Deny the allegations contained in the paragraph of the Complaint marked and numbered "99".

100. Deny the allegations contained in the paragraph of the Complaint marked and numbered "100".

101. Deny the allegations contained in the paragraph of the Complaint marked and numbered "101".

102. Deny the allegations contained in the paragraph of the Complaint marked and numbered "102".

   4. _Monell_ liability - use of deadly force policy

103. Deny the allegations contained in the paragraph of the Complaint marked and numbered "103".

104. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "104".

105. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Complaint marked and numbered "105".

106. Deny the allegations contained in the paragraph of the Complaint marked and numbered "106".

## FIRST CAUSE OF ACTION

107. Paragraph 107 of the Complaint merely repeats and realleges various allegations of the Complaint that have been answered herein. Defendants hereby repeat and reallege the responses previously interposed to the allegations referenced in paragraph 107.

108. Deny the allegations contained in the paragraph of the Complaint marked and numbered "108".

## SECOND CAUSE OF ACTION

109.  Paragraph 109 of the Complaint merely repeats and realleges various allegations of the Complaint that have been answered herein. Defendants hereby repeat and reallege the responses previously interposed to the allegations referenced in paragraph 109.

110.  Deny the allegations contained in the paragraph of the Complaint marked and numbered "110".

## THIRD CAUSE OF ACTION

111.  Paragraph 111 of the Complaint merely repeats and realleges various allegations of the Complaint that have been answered herein. Defendants hereby repeat and reallege the responses previously interposed to the allegations referenced in paragraph 111.

112.  Deny the allegations contained in the paragraph of the Complaint marked and numbered "112".

## FOURTH CAUSE OF ACTION

113.  Paragraph 113 of the Complaint merely repeats and realleges various allegations of the Complaint that have been answered herein. Defendants hereby repeat and reallege the responses previously interposed to the allegations referenced in paragraph 113.

114.  Deny the allegations contained in the paragraph of the Complaint marked and numbered "114".

115.  Deny the allegations contained in the paragraph of the Complaint marked and numbered "115".

## FIFTH CAUSE OF ACTION

116.  Paragraph 116 of the Complaint merely repeats and realleges various allegations of the Complaint that have been answered herein. Defendants hereby repeat and reallege the responses previously interposed to the allegations referenced in paragraph 116.

117. Deny the allegations contained in the paragraph of the Complaint marked and numbered "117".

118. Deny the allegations contained in the paragraph of the Complaint marked and numbered "118".

## FIFTH (SIC) CAUSE OF ACTION

119. Paragraph 119 of the Complaint merely repeats and realleges various allegations of the Complaint that have been answered herein. Defendants hereby repeat and reallege the responses previously interposed to the allegations referenced in paragraph 119.

120. Deny the allegations contained in the paragraph of the Complaint marked and numbered "120".

121. To the extent that any paragraphs of the Complaint state legal conclusions, arguments, assertions, or other statements of law to which no responsive pleading is required, defendants respectfully refer all such legal matters to the sound judgment and determination of the Court.

122. Defendants deny each and every paragraph and factual allegation of the Complaint not otherwise specifically responded to herein.

## FIRST AFFIRMATIVE DEFENSE

123.    The Complaint fails to state a claim or cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

124.    The Court lacks subject matter jurisdiction of some or all of the asserted claims.

## THIRD AFFIRMATIVE DEFENSE

125.    The Court lacks personal jurisdiction of the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

126.    Some or all of the asserted claims may be barred in whole or in part by the applicable statute or statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

127.    Plaintiff has failed to satisfy conditions precedent to instituting this action.

## SIXTH AFFIRMATIVE DEFENSE

128.    The injuries and damages alleged by the Plaintiff were caused in whole or in part by the contributory negligence, lack of ordinary care, or other culpable conduct of the Plaintiff, without any negligence or carelessness on the part of the Defendants contributing thereto.

## SEVENTH AFFIRMATIVE DEFENSE

129.    The injuries and damages alleged by the Plaintiff were caused by the actions of some third person or persons over whom the Defendants had no control and for whose culpable conduct the Defendants may not be held responsible.

## EIGHTH AFFIRMATIVE DEFENSE

130.    To the extent that the Plaintiff alleges economic losses that have been replaced or indemnified in whole or in part from collateral sources, Defendants are entitled to have such damages reduced as provided in CPLR § 4545.

## NINTH AFFIRMATIVE DEFENSE

131.    Liability to the Plaintiff, if any, is limited pursuant to Articles 14 and 16 of the Civil Practice Law and Rules.

## TENTH AFFIRMATIVE DEFENSE

132.    Plaintiff has failed to make reasonable efforts to mitigate the alleged damages as required by law.

## ELEVENTH AFFIRMATIVE DEFENSE

133.    Plaintiff's claims may be barred in whole or in part by the doctrine of assumption of risk.

## TWELFTH AFFIRMATIVE DEFENSE

134.    Plaintiff's claims may be barred in whole or in part by the doctrines of laches, estoppel, and/or waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

135.    Plaintiff's claims may be barred in whole or in part by the doctrines of unclean hands and/or *in pari delicto*.

## FOURTEENTH AFFIRMATIVE DEFENSE

136.    Plaintiff may lack standing to pursue some or all of the asserted claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

137.   Each of the individual Defendants is entitled to qualified immunity and is not liable to Plaintiff officially or individually.

## SIXTEENTH AFFIRMATIVE DEFENSE

138.   At all relevant times herein, Defendants acted in regard to Plaintiff in good faith and without malice for legitimate governmental reasons and compelling governmental interests, and their actions were supported by probable cause and objectively reasonable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

139.   Any force used by Defendants was lawful and privileged.

## EIGHTEENTH AFFIRMATIVE DEFENSE

140.   The policy of the Defendant City of Troy and its Bureau of Police is to train and supervise the City's police officers to protect the Constitutional Rights of all persons, and there is no policy, practice, or custom of authorizing deprivations of Constitutional Rights.

## NINETEENTH AFFIRMATIVE DEFENSE

141.   Sworn written notice of one or more of the claims alleged in the complaint may not have been timely or properly served as required by Section 244 of the New York Second Class Cities Law and Sections 50-e and 50-j of the New York General Municipal Law within ninety days of the occurrence.  Therefore the Defendant may not be sued or found liable for the injuries and damages alleged.

## TWENTIETH AFFIRMATIVE DEFENSE

142.   Plaintiff has failed to appear for duly noticed hearing as required by Section 50-h of the New York General Municipal Law, and therefore the Defendants may not be sued or found liable for the injuries and damages alleged.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

143.   Some or all of the asserted claims may be barred by the provisions of Section 50-i of the General Municipal Law.


**WHEREFORE**, the Defendants demand judgment dismissing the Complaint of the Plaintiff herein with costs, attorney fees, and such other and further relief as the Court deems just and proper.  In the event the case is tried, Defendants demand a jury trial.

Date: December 28, 2018

*James A. Caruso*, Corporation Counsel
of the City of Troy
NDNY Bar Roll No.

By:    *Richard T. Morrissey*
Deputy Corporation Counsel
NDNY Bar Roll No. 507893
Troy City Hall
433 River Street, Suite 5000
Troy, New York 12180
Tel.: (518) 279-7157


To:    *Clerk of the Court*
James T. Foley U.S. District Courthouse
445 Broadway, Room 222
Albany, New York 12207-2924

*Mark S. Mishler, Esq.*
Law Office of Mark S. Mishler, P.C.
*Attorneys for Plaintiff*
750 Broadway
Albany, New York 12207

19